UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chengdu Huiyuzhongtai Technology Co., Ltd., <br><br> Plaintiff, <br> v. <br><br> Changshawanfengyingmaoyiyouxiangongsi, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:26-cv-06735 <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Chengdu Huiyuzhongtai Technology Co., Ltd. ("Plaintiff" or "CHZT") for its Complaint against Changshawanfengyingmaoyiyouxiangongsi ("Defendant" or "Wyfing-US") alleges:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent No. 12,478,181 ("the '181 Patent" or "the Asserted Patent"), attached as **Exhibit A**. The '181 Patent is directed to an "Adjustable Drawer."

### THE PARTIES

2. CHZT is a Chinese corporation with a principal place of business in Sichuan, China.

3. CHZT owns all rights to the Asserted Patent.

4. Upon information and belief, Wyfing-US is a Chinese company with no known agents or representatives in the United States.

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

6.      Wyfing-US sells products to U.S. consumers on Amazon.com, which are directed to the U.S. market, including Illinois, and has directed sales into this district.

7.      Upon information and belief, Wyfing-US systematically targets its business activities at U.S. consumers, including those in Illinois and this judicial district, through its online Amazon.com account.  Illinois residents, including those in this district, can view Wyfing-US's sales listings on Amazon.com, can communicate with Wyfing-US regarding Wyfing-US's infringing product listings, can purchase infringing products for delivery into Illinois, including this district, and can receive corresponding sales confirmation.

8.      Wyfing-US has sold infringing products into this district and Wyfing-US should reasonably expect such actions to have consequences in Illinois and in this judicial district.

9.      The Court has personal jurisdiction over Wyfing-US because, upon information and belief, Wyfing-US regularly conducts, transacts and/or solicits business in this judicial district, has derived significant revenue from business transactions in this judicial district and otherwise has availed itself of the privileges and protections of Illinois law such that this Court's assertion of jurisdiction over Wyfing-US does not offend traditional notions of fair play and due process.

10.      Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Wyfing-US is not a U.S. resident.

## BACKGROUND

*Background of CHZT*

11.     CHZT is a pioneer in the design, development and manufacture of home storage solutions, including adjustable pull-out cabinet organizers.

12.     The United States Patent and Trademark Office has awarded various patents on the inventions embodied in CHZT's products, including the '181 Patent.

13.     The inventor of the '181 Patent recognized that, because each household had cabinets and drawers of different types and sizes, the space available for storage solutions, such as drawers, was inconsistent.  The inventor of the '181 patent thus developed a novel drawer design in which the dimensions of the drawer could be quickly and easily customized in both the width and length dimensions in order to match the dimensions of a corresponding cabinet.

14.     An exemplary embodiment of the invention claimed in the '181 Patent is illustrated in Figs. 1 and 3 of the '181 Patent, which are reproduced below.



FIG. 1                    FIG. 3

15.     CHZT is the assignee and owner of all right, title, and interest in and to the '181 patent, which the United States Patent and Trademark Office issued on November 25, 2025.

16.     CHZT sells pull-out adjustable drawer products that embody the invention claimed in the '181 ("CHZT Covered Products").

3

17. The CHZT Covered Products are sold on the Amazon.com marketplace in various sizes and colors under the brand name "Fokyfok."

18. Representative images of one of the CHZT Covered Products are shown below.

 

19. Customers have praised CHZT's patented adjustable drawer design, including for its functionality and ease of installations.

*The Infringing Products*

20. Wyfing-US offers for sale and sells in the United States, for example via online marketplaces such as Amazon.com, products that infringe the Asserted Patent.

21. Upon information and belief, Wyfing-US sells products, including adjustable pull-out cabinet organizers, on Amazon.com under the brand name "Seinloes." On Amazon.com, the name "Changshawanfengyingmaoyiyouxiangongsi" appears as the seller name for the Accused Products (as defined below). Upon information and belief, the pinyin translation of Changshawanfengyingmaoyiyouxiangongsi is Changsha Wanfeng Yingmao Trading Co., Ltd.

22. The Accused Products include adjustable pull-out cabinet organizer products that are sold on Amazon.com in different sizes and colors under the following ASINs: B0FKYYVHVM, B0FQV14N4S, B0FQSTSLCD, B0FQTVN64D, B0FKYY8V7V, B0FKYVQ6FZ, B0FKYZ29YY, and B0FQT4DX2B ("First Accused Products"). The First Accused Products are currently offered for sale at the following links:

4

- https://www.amazon.com/dp/B0FKYYVHVM?th=1

- https://www.amazon.com/dp/B0FQV14N4S?th=1

- https://www.amazon.com/dp/B0FQSTSLCD?th=1

- https://www.amazon.com/dp/B0FQTVN64D?th=1

- https://www.amazon.com/dp/B0FKYY8V7V?th=1

- https://www.amazon.com/dp/B0FKYVQ6FZ?th=1

- https://www.amazon.com/dp/B0FKYZ29YY?th=1

- https://www.amazon.com/dp/B0FQT4DX2B?th=1

23.     The image below, which was obtained from the first link above, depicts a representative First Accused Product:



24.     The Accused Products also include adjustable pull-out cabinet organizer products that are sold on Amazon.com in different sizes and colors under the following ASINs: B0FGJ37MBT, B0FGJ48BGJ, B0FSKWW2WF, B0FSKSQ6CQ, B0FCC3JKHZ, B0FSKTBXCH, B0FCC2XVHV, B0FCC239CR and B0FCC2QTX5 ("Second Accused Products"). The Second Accused Products are currently offered for sale at the following links:

- https://www.amazon.com/dp/B0FGJ37MBT?th=1

- https://www.amazon.com/dp/B0FGJ48BGJ?th=1

5

- https://www.amazon.com/dp/B0FSKWW2WF?th=1

- https://www.amazon.com/dp/B0FSKSQ6CQ?th=1

- https://www.amazon.com/dp/B0FCC3JKHZ?th=1

- https://www.amazon.com/dp/B0FSKTBXCH?th=1

- https://www.amazon.com/dp/B0FCC2XVHV?th=1

- https://www.amazon.com/dp/B0FCC239CR?th=1

- https://www.amazon.com/dp/B0FCC2QTX5?th=1

25. The image below, which was obtained from the first link above, depicts a representative Second Accused Product:



26. The First and Second Accused Products infringe at least claim 10 of the '181 Patent by practicing each limitation of that claim.

27. Wyfing-US is not licensed to make, import, use, offer to sell or sell any invention claimed in the '181 Patent.

**Count I**
**Infringement of the '181 Patent**

28. CHZT incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

29. Wyfing-US has been, and currently is, directly infringing one or more claims of the '181 Patent, including at least claim 10, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the First and Second Accused Products. A claim chart comparing exemplary claim 10 of the '181 Patent to a representative First Accused Product is attached as **Exhibit B**. A claim chart comparing exemplary claim 10 of the '181 Patent to a representative Second Accused Product is attached as **Exhibit C**.

30. Wyfing-US, after receiving notice of this action and knowing that its products infringe the '181 Patent, including at least claim 10, and with the specific intent for others to infringe the '181 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '181 under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including its customers, to infringe the '181 Patent. Upon information and belief, Wyfing-US accomplishes such inducement by continuing to direct and/or instruct others to use, install and/or operate adjustable cabinet organizer products that infringe at least claim 10 of the '181 Patent, including the First and Second Accused Products.

31. Wyfing-US's infringing acts are without license or authorization from CHZT.

32. Wyfing-US has had notice of its infringement of the '181 Patent since at least the filing of this action.

33. Wyfing-US's acts of infringement of the '181 Patent recited herein have been committed, and are being committed, with full knowledge of CHZT' rights in the '181 Patent.

34. Upon information and belief, Wyfing-US has acted, and is continuing to act, despite an objectively high likelihood that its actions constitute infringement of a valid patent.

35. Upon information and belief, Wyfing-US knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Wyfing-US.

36. Pursuant to 35 U.S.C. § 284, CHZT is entitled to damages for Wyfing-US's infringing acts. Wyfing-US's acts further constitute willful and deliberate infringement, entitling CHZT to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

37. Unless Wyfing-US is enjoined, it will continue to infringe the '181 Patent directly and to induce its customers to infringe the '181 Patent.

38. As a direct and proximate result of Wyfing-US's infringement of the '181 Patent, CHZT has suffered irreparable harm.

39. Upon information and belief, Wyfing-US has purchased sponsored advertisements on Amazon targeting one or more CHZT Covered Products. As a result, when consumers view Amazon listings for CHZT Covered Products, Amazon displays sponsored advertisements for the Accused Products.

40. Wyfing-US has advertised and sold the Accused Products at significantly lower price than comparable CHZT Covered Products. For example, CHZT sells ASIN B0DL3R3MK1—a pull-out cabinet organizer designed to be adjustable between 14" to 21" in width and 17" to 24" Depth—for $56.50 per unit. Wyfing-US has sold infringing, and comparably sized, pull-out cabinet organizers under ASINs B0FKYYVHVM and B0FGJ37MBT in a 2 pack for $69.99, or approximately $35 per unit.

41. Wyfing-US' sponsored advertisements redirect consumers from product listings for CHZT Covered Products to one or more of the lower-priced Accused Products.

42. Wyfing-US' infringing activities have eroded CHZT's unit session percentage for one or more of the CHZT Covered Products. The unit session percentage reflects the number of units sold divided by the number of unique customer sessions (visits to your product detail page).

43. The lower unit session percentage negatively affects how Amazon ranks, recommends and displays CHZT's Covered Products to consumers, which leads to decreasing product visibility, customer traffic, sales momentum and/or market position.

44. Monetary damages alone cannot compensate for this harm caused by Wyfing-US's infringing activity.

45. Unless Wyfing-US is enjoined from further infringement, Wyfing-US will continue to harm CHZT irreparably.

**REQUEST FOR RELIEF**

WHEREFORE, CHZT asks this Court to:

a. Find that the '181 Patent is valid and enforceable;

b. Find that Wyfing-US has infringed the '181 Patent;

c. Find that Wyfing-US has induced infringement of the '181 Patent at least since receiving notice of this action;

d. Find that Wyfing-US has willfully infringed, and continues to willfully infringe, the '181 Patent;

e. Permanently enjoin Wyfing-US from infringing the '181 Patent;

f. Award CHZT damages sufficient to compensate it for Wyfing-US's infringement of the '181 Patent, together with costs and pre-judgment interest;

g. Find that this action constitutes an exceptional case and award CHZT its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

h.      Award CHZT such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

CHZT requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated:  June 8, 2026

/s/ Marina N. Saito
Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiff*
*Chengdu Huiyuzhongtai Technology Co., Ltd.*